U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

FILED

SEP 15 2012

CLERK, U.S. DISTRICT COURT
By_____
                    Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 4:12-CV-389-A |
| | § | (NO. 4:10-CR-050-A) |
| | § | |
| JOSE JULIAN OROZCO-LOPEZ | § | |

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of movant, Jose Julian
Orozco-Lopez, under 28 U.S.C. § 2255 to vacate, set aside, or
correct sentence.  Movant also included with the motion a
supporting memorandum ("Memorandum").  The government filed a
response, and movant filed a reply, which he called an answer.
Having now considered all of the parties' filings, the entire
record of this case, and applicable legal authorities, the court
concludes that the motion should be denied.

I.

Background

On May 4, 2010, movant pleaded guilty to one count of
conspiracy to possess with intent to distribute a controlled
substance in violation of 21 U.S.C. §§ 846 and 841(a)(1) and
(b)(1)(B).  On August 13, 2010, the court sentenced movant to 324
months' imprisonment, followed by a four-year term of supervised

release upon discharge from prison.  The United States Court of
Appeals for the Fifth Circuit affirmed.  United States v.
Orozco-Lopez, 442 F. App'x 129 (5th Cir. 2011).

II.

Grounds of the Motion

Movant asserted five claims alleging that he was denied
effective assistance of counsel by his attorney, Mark Perez
("Perez"), and an additional claim under the Fair Sentencing Act.
Although not clearly stated, movant's first ground appears to
contend that the amount of drugs alleged in the indictment was
the only amount available to the court for sentencing purposes,
and apparently contends that Perez should have objected to a
sentence based on any different amount.

As his second ground, movant contends Perez was ineffective
by not seeking a downward departure under 18 U.S.C. § 3553(a)(6).
Movant seems to contend that he was entitled to a downward
departure because he was facing deportation.  Movant argues that
courts in districts without a "fast-track" program should
consider sentencing disparities between them and courts with such
a program and downward adjust sentences accordingly, and that the
court should have done so in his case.

In his third ground movant contends Perez was ineffective in

2

advising movant as to possible sentence enhancements because none

on the enhancements was included in the plea agreement.   Movant

also alleges that Perez informed him that movant would receive a

sentence of about 140 months if he pleaded guilty, and also that

Perez told movant he would face a mandatory sentence of ten

years.   Movant contends that Perez was deficient for not holding

the government to its plea agreement.

Movant alleged as his fourth ground that the court

improperly increased his sentence by adding a weapons

enhancement, enhancement for importing methamphetamine from

Mexico, and for discharge of toxic fumes in the atmosphere,

although the only charge in his indictment was for conspiracy.

According to movant, section 3C1.2 of the United States

Sentencing Guidelines limits his responsibility for acts of

another under a conspiracy charge, and he was charged only with

conspiracy, not with any substantive claim.   Movant apparently

contends that Perez should have objected or intervened to prevent

such enhancements.

Movant's fifth ground questions whether Perez adequately

reviewed or investigated the indictment, plea bargain tactics, or

the guideline range, claiming that had he done so, he would have

noticed the errors and movant's sentence would have been lower.

3

In a sixth claim movant asks that the court take judicial
notice of the Fair Sentencing Act of 2010, claiming that
application of the Act by the court would have resulted in a
lower sentence.

Movant also seeks an evidentiary hearing as to his claims.

### III.

### Treatment of § 2255

After conviction and exhaustion of any right to appeal,
courts are entitled to presume that a defendant stands fairly and
finally convicted. United States v. Frady, 456 U.S. 152, 164
(1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir.
1991) (en banc). A defendant can challenge his conviction or
sentence after it is presumed final only on issues of
constitutional or jurisdictional magnitude and may not raise an
issue for the first time on collateral review without showing
both "cause" for his procedural default and "actual prejudice"
resulting from the errors. Shaid, 937 F.2d at 232. Section 2255
does not offer recourse to all who suffer trial errors, but is
reserved for transgressions of constitutional rights and other
narrow injuries that could not have been raised on direct appeal
but, if condoned, would result in a complete miscarriage of
justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir.

Unit A Sept. 21, 1981).

IV.

### None of the Grounds Has Merit

A.  Applicable Legal Standards

To prevail on a claim of ineffective assistance of counsel, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). In the context of a guilty plea, to show prejudice requires movant to show there is a reasonable probability that, but for his attorney's errors, he would not have pleaded guilty but would have gone to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Both prongs of the Strickland test must be met to demonstrate ineffective assistance; however, both prongs need not be considered if movant makes an insufficient showing as to one. Strickland, 466 U.S. at 687, 697. Judicial scrutiny of this type of claim must be highly deferential, and movant must overcome a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Id. at 689. Here, movant is entitled to no relief based on the alleged ineffective

5

assistance of counsel because he has failed to meet the standard
set forth by <u>Strickland</u>.

B.   <u>First Ground for Relief</u>

Movant claims that the court was required to use the amount
of drugs alleged in his indictment to determine his guideline
range and sentence, and that Perez was deficient for either
failing to realize this or failing to object to the sentence
imposed.   Movant is mistaken, as "t]he sentencing judge is
entitled to find by a preponderance of the evidence all the facts
relevant to the determination of a Guideline sentencing range and
all facts relevant to the determination of a non-Guidelines
sentence."   <u>United States v. Mares</u>, 402 F.3d 511, 519 (5th Cir.
2005).   The court determined that movant's guideline range was
324 to 405 months, Sentencing Tr. at 39, and sentenced him at the
bottom of the range, 324 months, <u>id.</u> at 43.   Any objection to the
sentence would have been frivolous, and Perez was not deficient
for failing to lodge a meritless objection.   <u>Emery v. Johnson</u>,
139 F.3d 191, 198 (5th Cir. 1997).

C.   <u>Second Ground for Relief</u>

Movant contends Perez was deficient for failing to seek a
downward departure under 18 U.S.C. § 3553(a)(6), which requires a
sentencing court to consider "the need to avoid unwarranted

sentence disparities among defendants with similar records who
have been found guilty of similar conduct."  In his reply movant
also seems to argue that Perez was deficient for not urging the
court to grant a downward departure under a new "fast-track"
program recently implemented by the Department of Justice; movant
attached to his Memorandum a photocopy of an article discussing
the new "fast-track" policy.

Movant is not entitled to a downward departure under §
3553(a)(6) merely because he is subject to deportation.  Indeed,
as the court noted at movant's rearraignment hearing, several of
movant's codefendants are also subject to being deported.  To
the extent movant relies on the photocopied article mentioned
above, the court notes that the article is dated February 8,
2012, and indicates the new policy is effective March 1.
Inasmuch as movant was sentenced in August 2010, whatever the
Department of Justice's new "fast-track" program may entail, it
affords movant no relief.  Further, that the court did not
account for sentencing disparities caused by differences in a
fast-track district and a non-fast-track district does not render
a sentence unreasonable.  United States v. Aguirre-Villa, 460
F.3d 681, 682-83 (5th Cir. 2006).  Any objection by Perez to that
effect would have been frivolous and he was not deficient for

7

failing to raise the issue before the court.  <u>Emery</u>, 139 F.3d at
198.

D.   <u>Third and Fourth Grounds for Relief</u>

Because both the third and fourth grounds concern sentencing
enhancements the court will address these claims together.  The
presentence report recommended that movant's total offense level
be enhanced based on his involvement with a firearm,
methamphetamine imported from Mexico, and use of a hazardous
chemical.  At the sentencing hearing the court adopted the
recommendations in the presentence report and overruled Perez's
objections.  Movant now claims his counsel erroneously promised
him a sentence of 140 months, which caused him to plead guilty,
but none of the aforementioned enhancements were included in the
indictment and should not have been allowed to increase his
sentence.  Movant also claims Perez failed to hold the government
to an agreement to seek a downward departure.

Movant's claim that his attorney promised him a sentence of
140 months does not establish ineffective assistance.  During his
rearraignment hearing, the court explained that it: would
determine movant's sentence; could depart from the recommended
sentencing guidelines; relied heavily on the presentence report
in determining the sentence to impose; and could disregard facts

stipulated by the defendant and the government or take into account facts not otherwise stipulated. Rearraignment Tr. at 18-22. Movant testified that he understood the court's explanation. Id. at 22. The court further discussed the possible penalties movant could face if he persisted in his guilty plea, including a term of imprisonment of between five and forty years, and movant again testified he understood. Id. at 48-49. At movant's rearraignment hearing the following exchange also occurred:

> THE COURT: Defendant Orozco, has anyone made any promise or assurance to you of any kind in an effort to induce you to enter a plea of guilty in this case?

> MR. OROZCO: No, sir.

Id. at 51. The result of all of the foregoing is that movant heard and understood the possible sentencing range to which he was subjected by pleading guilty, and testified under oath that no one had promised him anything in an effort to cause him to plead guilty.

A criminal defendant's representations, as well as those of his lawyer and the prosecutor, and any findings by the judge in accepting the plea, "constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977). Solemn declarations in open court carry a strong presumption of truthfulness, and a defendant bears a heavy

burden to show that the plea was involuntary after testifying to its voluntariness in open court.  DeVille v. Whitley, 21 F.3d 654, 659 (5th Cir. 1994).

To obtain habeas relief on the basis of an alleged promise that is inconsistent with movant's representations in open court requires movant to prove "(1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of an eyewitness to the promise."  United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998).  Movant has offered only his generalized conclusory assertions, unsupported by any evidence of the type contemplated by the Fifth Circuit, of the sentence purportedly promised by Perez, and he is entitled to no relief on that claim.

To the extent movant faults Perez for failing to object to the enhancements because they were not included in the indictment, the court, as discussed, may find all facts relevant to sentencing.  Mares, 402 F.3d at 519.  Any objection by Perez to the court imposing enhancements generally would thus be frivolous, and Perez is not required to make such an objection. Emery, 139 F.3d at 198.

Although movant contends Perez was deficient for failing to hold the government to its agreement to move for a downward

10

departure, movant pleaded guilty without a plea agreement, and

there is no other evidence in the record of any such agreement.

To the extent movant contends Perez failed to hold the government

to an agreement to move for a downward departure based on

substantial assistance, Perez raised the subject during movant's

sentencing hearing.  However, based on testimony of the

government's witness, the court found that movant did not provide

full disclosure of information he had and so did not provide

substantial assistance, leaving no basis for the government to

make such a motion.

Movant also contends that note five of section 3C1.2 of the

U.S. Sentencing Guidelines limits his responsibility for others

and should have resulted in a lower sentence.  This contention is

without merit.  Section 3C1.2, <u>Reckless Endangerment During

Flight</u>, applies a two-level increase if a "defendant recklessly

created a substantial risk of death or serious bodily injury to

another person in the course of fleeing from a law enforcement

officer."  Application note five further states that under

section 3C1.2 "the defendant is accountable for his own conduct

and for conduct that he aided or abetted, counseled, commanded,

induced, procured, or willfully caused."  No part of movant's

sentence or offense level was calculated using section 3C1.2, and

this claim is meritless.

E.    Fifth Ground for Relief

The essence of this claim is that Perez failed to adequately review or investigate the indictment or movant's estimated sentence.  Movant was required to "allege with specificity" what any additional investigation would have revealed and how it would have altered the outcome of movant's case.  United States v. Green, 882 F.2d 999, 1003 (5th Cir. 1989).  Movant's failure to do so fails to establish ineffective assistance of counsel.

F.    Sixth Ground of Relief

Movant's final claim concerning the Fair Sentencing Act is also without merit.  The Fair Sentencing Act impacted drug amounts and sentencing guidelines for offenses involving crack cocaine.  Dorsey v. United States, ___ U.S. ___, 132 S. Ct. 2321, 2329 (2012).  Nothing in the Fair Sentencing Act is relevant to sentencing guidelines for trafficking in methamphetamine.

G.    Evidentiary Hearing

Because it affirmatively appears from the papers on file with the court that the claims asserted in the motion are without merit, movant is not entitled to an evidentiary hearing.  28 U.S.C. § 2255(b).

V.

ORDER

Therefore,

The court ORDERS that the motion of Jose Julian Orozco-Lopez to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED September 15, 2012.

JOHN McBRYDE
United States District Judge

13